CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

May 15, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
        DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **BENNIE OVERTON,** | ) | |
| **Petitioner,** | ) | **Case No. 7:25-cv-00397** |
| | ) | |
| **v.** | ) | |
| | ) | **By: Hon. Michael F. Urbanski** |
| **WARDEN GILLEY,** | ) | **Senior United States District Judge** |
| **Respondent.** | ) | |

**MEMORANDUM OPINION**

Bennie Overton, a federal inmate proceeding pro se, commenced this action by filing a

petition for a writ of habeas corpus under 28 U.S.C. § 2241 against the Warden of United States

Penitentiary (USP) Lee. Overton alleges that he has been unjustly deprived of access to email and

telephones, that he has been sexually assaulted and threatened in retaliation for filing grievances,

and that Bureau of Prisons (BOP) staff have failed to "address [his] request for 12 months

halfway house/home detention." Pet., ECF No. 1, at 2, 8. The case is presently before the court

on Warden Gilley's motion to dismiss. ECF No. 5. Overton has not responded to the motion,

and the time for doing so has expired. For the following reasons, the motion is **GRANTED**.

### I. Standards of Review

The defendants' motion to dismiss was filed pursuant to Rules 12(b)(1) and 12(b)(6) of

the Federal Rules of Civil Procedure. Rule 12(b)(1) allows a party to move for dismissal of an

action for lack of subject matter jurisdiction. "The plaintiff has the burden of proving that subject

matter jurisdiction exists." Evans v. B. F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

"Generally, when a defendant challenges subject matter jurisdiction via a Rule 12(b)(1) motion

to dismiss, the district court may regard the pleadings as mere evidence on the issue and may

consider evidence outside the pleadings without converting the proceeding to one for summary

judgment." Mowery v. Nat'l Geospatial-Intelligence Agency, 42 F.4th 428, 433 (4th Cir. 2022)

(internal quotation marks omitted). "Dismissal should be granted 'only if the material

jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of

law." Id. (quoting Balfour Beatty Infrastructure, Inc. v. Mayor of Baltimore, 855 F.3d 247, 251

(4th Cir. 2017)).

Under Rule 12(b)(6), a party may seek dismissal for failure to state a claim upon which

relief may be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a pleading

"must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible

on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly,

550 U.S. 544, 570 (2007)).

### III.    Discussion

### A.    Motion to Dismiss for Failure to State a Claim

Warden Gilley first moves for dismissal of the petition on the basis that it fails to state a

cognizable claim for habeas corpus relief. For the following reasons, the court agrees.

Section 2241 of Title 28 authorizes federal courts to grant habeas relief to a prisoner who

"is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

§ 2241(c)(3). "[T]he heart of habeas corpus" involves challenges to "the fact or duration of . . .

physical confinement itself" and requests for "immediate release or a speedier release from that

confinement." Preiser v. Rodriguez, 411 U.S. 475, 498 (1973). "[C]onstitutional claims that merely

challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or

injunctive relief, fall outside of that core." Nelson v. Campbell, 541 U.S. 637, 643 (2004). The

majority of the circuits "that have addressed the issue in a published decision have concluded

that claims challenging the conditions of confinement cannot be brought in a habeas petition."

Wilborn v. Mansukhani, 795 F. App'x 157, 163 (4th Cir. 2019) (collecting cases). Although the Fourth Circuit has "yet to address the issue in a published opinion," Farabee v. Clarke, 967 F.3d 380, 395 (4th Cir. 2020), it has issued "several unpublished decisions relying on Preiser to hold that conditions-of-confinement claims are not cognizable in habeas proceedings." Wilborn, 795 F. App'x at 164 (finding "no basis to deviate from [its] previous holdings" and concluding that a petitioner's "claim seeking to have the BOP reconsider where he is being housed is one that would not fall within the scope of habeas corpus"); see also Rodriguez v. Ratledge, 715 F. App'x 261, 266 (4th Cir. 2017) (concluding that a federal inmate's claim challenging his transfer to a maximum security facility was "not a cognizable § 2241 claim").

Overton's claims of retaliation, assault, and denial of access to email and telephones challenge his conditions of confinement, rather than the fact or duration of his confinement. Consistent with other decisions from the Western District of Virginia, the court concludes that such claims are not cognizable under § 2241. See, e.g., Young v. Streeval, No. 7:21-cv-00122, 2021 WL 4705184, at *2 (W.D. Va. Oct. 8, 2021) (concluding that a petitioner's claim of being denied access to email was "inappropriate for consideration under § 2241); Harris v. Streeval, No. 7:21-cv-00439, 2021 WL 4705184, at *2 (W.D. Va. Oct. 8, 2021) (same); Hodge v. Rivers, No. 7:20-cv-00570, 2021 WL 48638, at *2 (W.D. Va. Jan. 6, 2021) (concluding that a petitioner's allegations concerning the use of force and harassment did not state viable claims for habeas relief under § 2241); Neal v. United States Penitentiary Lee, No. 7:20-cv-00295, 2020 WL 4333004, at *1(W.D. Va. July 27, 2020) (holding that claims "alleging retaliation and safety problems" were "not appropriately raised in a § 2241 petition").

Courts have similarly held that "release from institutional custody to a residential reentry center or home detention 'is a change in conditions of confinement and not cognizable under

3

§ 2241.'" Eaves v. Edge, No. 25-cv-450, 2026 WL 1246224, at *4 (W.D. Tex. May 5, 2026) (quoting Maldonado v. Rule, No. 4:24-cv-00971, 2025 WL 476256, at *2 (N.D. Tex. Feb. 11, 2025)); see also Melot v. Bergami, 970 F.3d 596, 599 (5th Cir. 2020) (concluding that a claim challenging the petitioner's denial of access to a program allowing for placement on home detention challenged his conditions of confinement and therefore was not cognizable under § 2241). Additionally, the Supreme Court has consistently held that a prisoner has no constitutional right to be confined in a particular place. See McKune v. Lile, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise.") (citing Meachum v. Fano, 427 U.S. 215, 225 (1976)). Thus, "while [residential reentry center (RRC)] placement and home confinement are helpful resources for readjustment to society, prisoners do not have a constitutionally protected right to serve the final twelve months of their sentence in either an RRC or in home confinement." Caniff v. Healy, No. 4:25-cv-00693, 2025 WL 1869685, at *1 (N.D. Ohio June 26, 2025). Consequently, to the extent Overton seeks to be released to a residential reentry center or home confinement, he has not plausibly alleged that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

**B.     Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Gilley has also moved to dismiss certain claims for lack of subject matter jurisdiction on the basis that they are moot. See Porter v. Clarke, 852 F.3d 358, 363 (4th Cir. 2017) ("When a case or controversy ceases to exist—either due to a change in the facts or the law—the litigation is moot, and the court's subject matter jurisdiction ceases to exist also.").

In support of the pending motion, Gilley submitted a declaration indicating that the incident report for which telephone and email restrictions had been imposed was "expunged" on

June 6, 2025, and that "Overton is not currently under any telephone or email restrictions." Parker Decl. ¶ 6, ECF No. 6-1. The declaration also indicates that Overton received a recommendation for RRC placement from his case manager after the petition was filed. Id. ¶ 7. Additionally, BOP records indicate that Overton has since been transferred to an RRC in Cincinnati, Ohio. See BOP Inmate Locator, available at https://www.bop.gov/inmateloc (last accessed May 15, 2026). Because he has received the requested RRC placement and it is undisputed that he is no longer subject to email or telephone restrictions, these claims are moot.

## IV.    Conclusion

For the reasons stated, Warden Gilley's motion to dismiss, ECF No. 5, is **GRANTED**.*

An appropriate order will be entered.

Entered: May 15, 2026

Michael F.
Urbanski
U.S. District Judge
2026.05.15
16:35:35 -04'00'

Michael F. Urbanski
Senior United States District Judge

---

* In light of the court's rulings, the court finds it unnecessary to consider whether any of Overton's claims are barred for failure to exhaust administrative remedies.

5